476 P.2d 176

Edward Earl PASS, Plaintiff and
Appellant,

v.

John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.

No. 11729.

Supreme Court of Utah.

Oct. 27, 1970.

Edward Earl Pass pro se.

Vernon B. Romney, Atty. Gen., Salt
Lake City, for defendant-respondent.

ELLETT, Justice:

Mr. Pass, the plaintiff herein, is appeal-ing from a denial by the trial court of his petition for a writ of habeas corpus.

One night about midnight plaintiff killed his fellow traveler in their motel room, and after taking the personal property of the victim drove into the street in a car which had only one headlight. The night marshal of the town traveling in the opposite di-rection noticed the headlight fault, rolled down the window of his police car, and yelled to Mr. Pass that he had only one headlight. Pass immediately accelerated his automobile and sped away. This caused the officer to give chase. After traveling a distance of more than a mile, the car of plaintiff went out of control and left the highway. He was arrested, given the Miranda warning, and taken to the police station. No questions were asked prior to the time he reached the station, and then he was asked what he had done and why he was running. He replied that he had done nothing, but in a few moments he voluntarily added that he had shot a man and a doctor should be called. He led the officer to the motel and pointed out where the victim lay on the floor between two beds.

An autopsy indicated that the victim was in bed when shot.

Mr. Pass was charged with murder in the first degree, a capital offense. He was represented by two lawyers appointed by the court. They thoroughly explained the law to him and what the evidence was against him. They later explained to him that the district attorney was willing to reduce the charge to murder in the second degree, a noncapital offense, provided that Pass would enter a plea of guilty to that charge. They made no recommendations to him in the matter and left it entirely with him as to what he would do. With full knowledge of the consequences, he elected to take the proffered plea and thus eliminate the possibility of being executed.

After he was sentenced to prison for the offense to which he had pleaded guilty, he filed a petition for a writ of habeas corpus, alleging as a basis therefor a worn-out, canned petition which guilty, convicted persons have used, in the hope that it would get them into the federal system of courts, where they seem to think form supersedes substance and the chance of escaping punishment is enhanced.

The allegations constantly harped upon and which this petitioner repeated are: (1) inadequacy of counsel; (2) denial of due process of law as required by the Fourth, Fifth, and Sixth Amendments to the Federal Constitution as made applicable to state courts through the Fourteenth Amendment; (3) questioning by police officers without the benefit of counsel or the so-called Miranda warning; and (4) coerced into pleading guilty to a crime of which he was innocent.

At the hearing on his petition for a writ of habeas corpus he was represented by an excellent lawyer from the Legal Defender Association. The trial judge listened to the evidence and found that all claims made by the petitioner were without any basis in fact or law, and denied the writ.

The findings of the trial judge are amply supported by the evidence given, and there is no reason why they should be disturbed. The ruling made is, therefore, affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.